UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CV-312-F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| $3,500.00 IN U.S. CURRENCY, | ) | |
| Defendant. | ) | |

This matter is before the court upon the Government's Motion for Default Judgment [DE-9].

## I. PROCEDURAL HISTORY

The Government initiated this action by filing a Complaint for Forfeiture In Rem [DE-1] in this court on August 15, 2007, alleging that the Defendant, $3,500.00 in United States currency, was "used, or intended to be used, in exchange for controlled substances, or represents proceeds of trafficking in controlled substances or was used or intended to be used to facilitate a violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 et seq., and is therefore subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6)." Compl. [DE-1] ¶ 5. In accordance with Rule G(3)(b)(i) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Clerk of Court issued a "Warrant of Arrest and Notice In Rem"[DE-3] on August 21, 2007. On November 16, 23 and 30, 2007, a Notice of Action and Arrest of the Defendant currency was published in the *News and Observer*, and Proof of Publication was filed in this court on December 6, 2007. *See* Statement of Notification of Action [DE-6] ¶ 3; Affidavit of Service [DE-5]. On November 9, 2007, the Government completed service of the Notice of Action and Arrest on the Defendant currency. *See* Statement of

Notification and Proof of Action [DE-6] ¶ 4; Affidavit of Service [DE-4]. On January 15, 2008, the Government filed an Affidavit of Failure to Plead or Otherwise Defend [DE-7] and a Motion for Entry of Default [DE-8]. The Clerk of Court entered Default [DE-11] against Defendant on January 17, 2008 and submitted the Government's Motion for Default Judgment [DE-9] to the undersigned.

## II. ANALYSIS

A motion for default judgment typically raises three issues for the deciding court. (1) whether entry of default is appropriate under Rule 55 of the Federal Rules of Civil Procedure; (2) whether the plaintiff has adequately stated his claims such that the court may enter default judgment thereon, and (3) to what relief is the plaintiff entitled. In the instant case, the court concludes that the second issue, whether the plaintiff has adequately stated its claims, precludes the court from allowing the Government's Motion for Default Judgment.

It is well settled that upon default, the well-pleaded facts alleged in the Complaint are deemed admitted, but a defaulting defendant is not held to admit conclusions of law. *Ryan v. Homecomings Fin. Network,* 253 F3d 778, 780 (4th Cir. 2001). The court determines whether the facts, as alleged, support a claim and the relief sought. *Id.* In context of a civil forfeiture action instituted pursuant to 21 U.S.C. § 881(a)(6), a complaint must meet the particularity in pleading requirements set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims. Specifically, Rule G(2)(f) mandates that a civil forfeiture complaint "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." FED.R.CIV.P. SUPP.R. G(2)(f).

In this case, at trial, the Government would have to prove, by a preponderance of evidence, that the property is subject to forfeiture. *See* 18 U.S.C. § 983(c). In other words, the Government would have to prove that it was more likely than not that the defendant property was used, or intended to be used, in exchange for controlled substances, or represents proceeds of trafficking in controlled substances or was used or intended to be used to facilitate a violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 et seq. Morever, "if the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense." 18 U.S.C. § 983(c)(3).

The Complaint in this case contains the following "factual allegations":

3. The defendant is $3,500.00 in United States currency.

4. The defendant was seized in Raleigh, North Carolina and is currently located within the jurisdiction of this Court.

5. The defendant was used, or intended to be used, in exchange for controlled substances, or represents proceeds of trafficking in controlled substances or was used or intended to be used to facilitate a violation of Title II of the Controlled Substances Act, 21 U.S.C. 801 et seq., and is therefore subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

Compl. [DE-1] ¶¶ 3-5. These paltry allegations do not come near to satisfying Rule G(2)(f)'s requirement of "sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." The Fourth Circuit Court of Appeals, when considering the precursor to Rule G(2)(f), determined that a complaint containing the following factual details would be insufficient to satisfy the heightened pleading requirements: "(1) what

3

currency was seized, (2) how it was packaged, (3) when it was seized, (4) where it was seized, and (5) by whom it was seized." *United States v. Mondragon*, 313 F.3d 862, 867 (4th Cir. 2002).[1] The Fourth Circuit determined, however, that the following additional details allowed the complaint to satisfy the particularity requirement: "(1) the large sum of currency in unusual packaging, (2) the hidden compartment where it was stored, and (3) the drug dog alert in the area of the car near the hidden compartment." *Id.*

The Complaint in this case plainly does not contain even the five basic facts that the Fourth Circuit deemed to be insufficient for the heightened pleading standard in civil forfeiture cases. The "facts" contained in the Complaint add up to only the amount of the currency seized, and where, in the most general terms, the currency was seized. The court cannot say that these

---

[1] At the time *Mondragon* was decided, Supplemental Rule G did not exist. Instead, Supplemental Rule E(2)(a) applied to civil forfeiture actions, and provided:

> In actions where this rule is applicable the complaint shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a motion for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading.

The Fourth Circuit, in considering Rule E(2)(a)'s application to a civil forfeiture complaint against property allegedly connected to drug trafficking, concluded that a "complaint under Rule E(2)(a) must allege sufficient facts to support a reasonable belief that the property is subject to forfeiture." *Mondragon*, 313 F.3d at 865.

In 2006, Rule G was "added to bring together the central procedures that govern civil forfeiture actions." FED.R.CIV.P. SUPP.R. G, Advisory Committee Notes. The Advisory Committee Notes explain that the application of Rule E(2)(a) in civil forfeiture actions evolved to the standard adopted by the Fourth Circuit in *Mondragon*, and that Rule G(2)(f) explicitly "carries the forfeiture case law forward without change." *Id.* Consequently, this court finds the Fourth Circuit's interpretation of Rule E(2)(a) to be controlling on this court's interpretation of Rule G(2)(f).

4

minimal allegations satisfy Rule G(2)(f)'s pleading requirements. Consequently, the court concludes that the Government has not adequately stated its claim for civil forfeiture such that the court may enter default judgment thereon.

For the foregoing reasons, the Government's Motion for Default Judgment [DE-9] is DENIED. The Government is free to file an Amended Complaint that complies with the pleading requirements of the Supplemental Rules.

SO ORDERED.

This the 24th day of January, 2008.

_____
JAMES C. FOX
Senior United States District Judge